UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLEETZERO INC.,

                Plaintiff,

v.

ATLANTIC OCEANIC LLC,

                Defendant.

Case No. 25-cv-3240

IN ADMIRALTY

**ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT, APPOINTING SPECIAL PROCESS SERVER, AND AUTHORIZING ALTERNATIVE SUPPLEMENTAL SERVICE OF PROCESS**

The Court has reviewed Plaintiff Fleetzero Inc.'s *Ex Parte* Motion for an Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment, Appointing Special Process Server, and Authorizing Alternative Supplemental Service of Process, as well as the Verified Complaint and exhibits thereto including the Declaration of Brian P. R. Eisenhower, and finds that the conditions required by Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B") appear to exist and that the request to appoint a special process server should be granted.

**NOW**, upon motion of Hill Rivkins LLP, attorneys for Plaintiff, it is hereby:

**ORDERED** that Process of Maritime Attachment and Garnishment shall issue against all goods, chattels, monies, funds, credits, freight, charter hire, effects, and any other tangible or intangible property in whatever form belonging to, due, claimed by, or being held for or on behalf of Defendant by any garnishee within this District, including but not limited to JPMorgan Chase Bank, N.A. and FIO Advisors LP, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in an amount of up to U.S. $2,755,416.08 pursuant to Supplemental

Rule B;

**ORDERED** that the Clerk of the Court may issue supplemental process enforcing the Court's order and/or specifying additional garnishees, on request of the Plaintiff and without further order of this Court;

**ORDERED** that any tangible or intangible property in the hands of the garnishee(s) and attached pursuant to this Order may be released from seizure without the necessity of further orders of this Court, provided that the Marshal or garnishee(s) receives written authorization to do so from the attorneys who requested the attachment and garnishment, stating that they have conferred with all attorneys representing parties to the litigation and that they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this arrangement for the release of property attached pursuant to this Order;

**ORDERED** that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted;

**ORDERED** that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise Plaintiff of such details about the attachment as are reasonably available to said garnishee. With respect to the attachment of any funds in Defendant's bank accounts, a garnishee shall, to the extent known, advise counsel for the Plaintiff of the following details: (1) amount of funds attached, (2) the exact name of any originator or beneficiary reflected in any check or transfer information associated with the funds, and (3) any available details about the purpose of any such check or transfer (e.g., contained in wire transfer documentation). The requirement for providing

information shall be satisfied if said garnishee furnishes to Plaintiff a copy of the relevant check(s) or payment order(s) for the funds;

**ORDERED** that in the event any assets are attached pursuant to this Order, Plaintiff shall file a statement reporting same within five (5) days of receiving notice of the attachment.

**ORDERED** that a copy of this Order be attached to and served with the initial service of Process of Maritime Attachment and Garnishment;

**ORDERED** that pursuant to Rule 4(c)(3) and Supplemental Rule B(1)(d)(ii) of the Federal Rules of Civil Procedure, Brian P. R. Eisenhower or any other attorney or agent of Hill Rivkins LLP or any other person designated by that firm who is over 18 years of age, is not a party to this action and authorized under New York law, be and hereby is appointed to serve this Order, Process of Maritime Attachment and Garnishment, the Verified Complaint, interrogatories, or other process, including any amended pleadings filed in this action, on JPMorgan Chase Bank, N.A., FIO Advisors LP, and/or other garnishees in this District;

**ORDERED** that initial service on a garnishee by the designated process server shall be made personally;

**ORDERED** that any process that is served on a garnishee is deemed effective and continuous throughout any given day on which process is served through the next day, provided that process is served the next day;

**ORDERED** that following initial service on a particular garnishee as described above, any supplemental service of the Process of Maritime Attachment and Garnishment on said garnishee may be made by facsimile transmission or other verifiable electronic means, including e-mail, to any e-mail address designated by said garnishee for that purpose, or by personal service, or by alternative means agreed to by said garnishee;

**ORDERED** that this Order shall automatically expire 120 days from the date of its issuance if no assets or other property have been restrained pursuant to this Order, unless the Plaintiff shows good cause for an extension of this Order prior to the expiration of the 120-day period, and all applications for extensions shall be made by letter to the Court; and it is further

**ORDERED**, that upon expiration or vacatur of this Order by reason of the preceding paragraph, this action may be dismissed without prejudice, without costs, and without further notice to any party.

The Clerk of Court is directed to terminate ECF No. 4.

Dated this 22nd   day of April, 2025

**SO ORDERED**

_____
U.S. District Judge