UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
          :
FLEETZERO INC.,          :
          :
          Plaintiff,          :
          :      25-CV-3240 (JMF)
      -v-          :
          :      MEMORANDUM OPINION
ATLANTIC OCEANIC LLC,          :      AND ORDER
          :
          Defendant.          :
          :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, brought pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure and familiarity with which is presumed, Defendant Atlantic Oceanic LLC moves for a protective order and to quash interrogatories served to third party FIO Advisors LP ("FIO Advisors") by Plaintiff Fleetzero Inc. ECF No. 8. Upon review of the parties' motion papers, the Court denies the motion without prejudice, substantially for the reasons set forth on pages 3 to 5 of Plaintiff's opposition. *See* ECF No. 14.

      In brief, the Court disagrees that Defendant's motion, which itself explicitly invoked "Rule 26(c) of the Federal Rules of Civil Procedure," ECF No. 8, at 2, is exempt from the meet-and-confer requirements set forth in Rule 26(c)(1), which apply, by their terms, to any "party or [] person from whom discovery is sought." Fed R. Civ. P. 26(c)(1); *see* Fed R. Civ. P. Supp. Rule A(2) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules"). In any event, even if Rule 26(c) did not apply to Defendant's motion, the undersigned's Individual Rules and Practices require, without qualification, that a party raising a discovery dispute "must first confer in good faith with the opposing party." Individual Rules and Practices in Civil Cases 3(D).

Defendant's contention that these meet-and-confer requirements should be waived because of possible "undue prejudice," ECF No. 15, at 2-3, is unpersuasive, as any prejudice would flow from disclosure, not from the meet-and-confer process itself. Nor is the Court persuaded by Defendant's conclusory assertion that meeting and conferring would be futile.

The parties are therefore directed to meet and confer in an effort to narrow, if not resolve, the parties' disputes. Notably, Plaintiff does not dispute that it is entitled only to "discovery concerning property of Atlantic Oceanic that is deemed, under applicable law, to be located within the Southern District of New York." ECF No. 14, at 8. Plaintiff does, however, provide some basis for its belief that FIO Advisors might have information regarding accounts that are both within the district and could be considered Defendant's property. *See id*. Further discovery may therefore "yield clarifying information regarding . . . whether" FIO Advisors "possesses property belonging to defendant [within the district], and consequently, whether jurisdiction is proper." *Albus Denizcilik Ltd Sti v. Progress Bulk Carriers Ltd*, No. 15-CV-1256 (KAM) (SMJ), 2017 WL 24742, at *2 (E.D.N.Y. Jan. 3, 2017).

Because the Court does not reach the merits of Defendant's motion, it need not and does not address Plaintiff's arguments regarding Defendant's standing. It is well settled, however, that while parties "whose banking records are subpoenaed have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution," that standing extends only to invocation of that privacy interest and not to general objections based on "relevancy and undue burden." *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023).

For the foregoing reasons, Defendant's motion is DENIED without prejudice to renewal in the event that Defendant complies with the procedures for raising discovery disputes in the

undersigned's Individual Rules and Practices in Civil Cases, in this Court's Local Rules, and in the Federal Rules of Civil Procedure.  The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

Dated: May 29, 2025
      New York, New York

                                                    JESSE M. FURMAN
                                               United States District Judge